Mark A. Weisbart
The Law Offices of Mark A. Weisbart
12770 Coit Road, Suite 541
Dallas, Texas 75251
Telephone (972) 628-3694
Facsimile (972) 628-3687

Attorneys for Linda S. Payne,
Chapter 7 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| INTEGRA HOSPITAL PLANO LLC | § § § § | Case No. 08-42998 |
| Debtors. | § | |

| | | |
|---|---|---|
| LINDA S. PAYNE, TRUSTEE | § § | |
| Plaintiff, | § § | |
| vs. | § § | Adversary No. _____ |
| SIMBA VENTURES HOLDINGS, LTD., SIMBA VENTURES GP, LLC, DAVID LEBLANC, HEDY LEBLANC, CRL FAMILY TRUST, WHITAKER FAMILY TRUST, WEL FAMILY TRUST, | § § § § § § § § | |
| Defendants | § | |

## COMPLAINT

**TO THE HONORABLE BRENDA T. RHOADES,**
**CHIEF UNITED STATES BANKRUPTCY JUDGE:**

LINDA S. PAYNE, Chapter 7 Trustee ("Trustee") for Integra Hospital Plano, L.L.C. ("IHP" or "Debtor") files this Complaint and in support shows as follows:

# I.

# PARTIES

1. Plaintiff LINDA S. PAYNE is the Chapter 7 Trustee ("Trustee") for Integra Hospital Plano, LLC ("IHP"), Integra Hospital Baton Rouge, LLC ("IHBR"), Integra Hospital Management, LLC ("IHM"), and Integra Healthcare Holdings, Ltd. ("IHH") (collectively the "Debtors").

2. Defendant Simba Ventures Holdings, Ltd., is a Texas Limited Partnership. Upon information and belief, Simba Ventures Holdings, Ltd., owns 99% interest in Debtor IHH. The remaining Debtors are wholly owned by Debtor IHH. Defendant Simba Ventures Holdings, Ltd., is an insider of Debtors within the meaning of 11 U.S.C. § 101(31). Upon information and belief, Defendant can be served with by serving David LeBlanc, or other partner or agent, at 2901 Marsh LN, Plano, Tx 75093.

3. Upon information and belief, Defendant Simba Ventures GP, LLC, is a Texas limited liability company. Defendant is the General Partner of Simba Ventures Holdings, Ltd. Upon information and belief, Defendant can be served with by serving David LeBlanc, or other partner or agent, at 2901 Marsh LN, Plano, Tx 75093.

4. Defendant David LeBlanc is an individual who resides in Collin County, Texas. Upon information and belief, David LeBlanc is a general partner in Integra Healthcare GP, LLC, the general partner in Debtor IHH. The remaining Debtors are wholly owned by Debtor IHH. Upon further information and belief, David LeBlanc is a principal who controlled operation of the debtors. LeBlanc is an insider of Debtors within the meaning of 11 U.S.C. § 101(31). Upon information and belief, David LeBlanc can be served with process at 5736 North Brook Drive, Plano, TX 75093.

5. Defendant Hedy LeBlanc is an individual who resides in Collin County, Texas. Upon information and belief, Hedy LeBlanc is a general partner in Integra Healthcare GP, LLC, the general partner in Debtor IHH. The remaining Debtors are wholly owned by Debtor IHH. Upon further information and belief, Hedy LeBlanc is a principal who controlled operation of the debtors. LeBlanc is an insider of Debtors within the meaning of 11 U.S.C. § 101(31). Upon information and belief, Hedy LeBlanc can be served with process at 5736 North Brook Drive, Plano, TX 75093.

6. Upon information and belief, Defendant CRL Family Trust is a limited partner in Defendant Simba Ventures Holdings, Ltd. Upon information and belief, Defendant can be served with by serving the Trustee of CRL Family Trust, at 2901 Marsh LN, Plano, Tx 75093.

7. Upon information and belief, Defendant Whitaker Family Trust is a limited partner in Defendant Simba Ventures Holdings, Ltd. Upon information and belief, Defendant can be served with by serving the Trustee of Whitaker Family Trust, at 2901 Marsh LN, Plano, Tx 75093.

8. Upon information and belief, Defendant WEL Family Trust is a limited partner in Defendant Simba Ventures Holdings, Ltd. Upon information and belief, Defendant can be served with by serving the Trustee of WEL Family Trust, at 2901 Marsh LN, Plano, Tx 75093.

## II.

## JURISDICTION

9. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334, and the Order of Reference for the United States District Court for the Eastern District of Texas.

10. This action is brought pursuant to Sections 547, 548 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy

Procedure. Accordingly, the claims asserted in this action constitute core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (C) and (F).

11. Venue is proper in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

### III.

### FACTUAL BACKGROUND

12. On November 5, 2008 (the "Petition Date"), IHP, IHBR, IHM and IHH (individually or collectively referred to as "Debtors") commenced these cases by filing voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

13. Thereafter, the Debtors continued to operate their businesses as Chapter 11 debtors in possession until the Court entered an Order converting the cases to Chapter 7 on March 31, 2009 and Plaintiff was thereafter appointed the Chapter 7 Trustee of the bankruptcy estates, and has since continued to serve in that capacity.

14. Debtor IHP transferred substantial funds to or on behalf of Defendants within the year prior to bankruptcy, in excess of $10,475,635. Plaintiff reserves the right to amend this Complaint to include within the Transfers any other transfers which may be avoidable by Plaintiff under applicable law. At all times pertinent hereto with regard to all transfers, the Defendants are the initial transferees of the Transfers or the entities for whose benefit the Transfers were made.

# IV.

## AVOIDANCE OF PREFERENTIAL TRANSFERS
## PURSUANT TO SECTION 547

15. Defendants are each insiders of Debtors within the meaning of 11 U.S.C. § 101(31)Within one year prior to the filing by Debtors of the bankruptcy, Debtor made the transfers identified on Exhibit A to or for the benefit of creditors or on account of an antecedent debt owed by Debtor before the transfers.

16. On information and belief the Transfers (1) were transfers of an interest of the Debtor in property; (2) were made to or for the benefit of Defendants, creditors of the Debtor; (3) were made for or on account of an antecedent debt owed by the Debtor to Defendants before such transfers were made; (4) were made while the Debtor was insolvent; (5) were made on or within 90 days before the Petition Date; and (6) enabled the Defendants to receive more than the Defendants would receive if the Debtors case was a case under Chapter 7 of the Bankruptcy Code, the Transfers had not been made, and the Defendants received payment of the aforementioned debts to the extent provided by the provisions of the Bankruptcy Code.

17. All of the above-described transfers are preferences voidable by the Trustee pursuant to provisions of 11 USC § 547 and are recoverable by the Trustee pursuant to 11 USC § 550.

# V.

## FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548

18. In the alternative, the Debtor voluntarily or involuntarily transferred an interest of the Debtor in property or incurred an obligation to each of the Defendants, and the Debtor made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became, on or after the date that such transfer was made or such

obligation was incurred, indebted; or the Debtor received less than a reasonably equivalent value in exchange for such transfer or obligation; and was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; or was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the Debtor was unreasonably small capital; or intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

## VI.

### RECOVERY OF FUNDS
### PURSUANT TO SECTION 550(a)

19. As set forth above, the Transfers are avoidable pursuant to Section 547 and 548 of the Bankruptcy Code.

20. Recovery of the Funds or the value of the funds from the Defendants will benefit the Debtors' estates.

21. Each Defendant is the initial transferee of the Transfers, the intermediate or mediate transferee of the Transfers, or the person for whose benefit the Transfers were made.

22. Therefore, the Plaintiff is entitled to the entry of an order and judgment against the Defendants entitling her to recover the Funds, or the value of the Funds, and all other related relief, including but not limited to, interest as of the date of the Transfers, and the costs of this Adversary Proceeding (the "Recovery"). 11 U.S.C. § 550(a).

# VII.

## DISALLOWANCE OF CLAIMS ASSERTED BY DEFENDANTS
## PURSUANT TO SECTION 502(d)

23. As set forth above, each Defendant is the transferee of the Transfers, which are avoidable and should be avoided pursuant to Bankruptcy Code § 547. Further, Plaintiff is entitled to recover the Funds transferred, or the value thereof, pursuant to Bankruptcy Code § 550(a).

24. Accordingly, the Plaintiff is entitled to the entry of an order disallowing any claim of the Defendant against one or more of Debtors pursuant to Bankruptcy Code § 502(d), unless the Defendant pays the amount of the Recovery, or turns over any property as the Court may order, to the Plaintiff.

WHEREFORE, PREMISES CONSIDERED Trustee prays that this Court render judgment that the transfers to each respective defendant be avoided; that the Trustee recover from each defendant the amount transferred, together with her costs, including reasonable attorneys fees, pre-judgment and post-judgment interest as allowed by law; that the pre-petition claim of each respective defendant be disallowed pursuant to 11 USC § 502(d) if the amount due is not repaid; and that the Trustee have such other and further relief to which she is entitled.

Respectfully submitted,

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
12770 Coit Road, Suite 541
Dallas, Texas 75251
Tel: (972) 628-3694
Fax: (972) 628-3687
weisbartm@earthlink.net

COUNSEL FOR PLAINTIFF