Frank Hill
Greg Westfall
Stefanie M. Klein
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, Texas 76013
Telephone (817) 261-2222
Facsimile (817) 861-4685

ATTORNEYS FOR HEDY LEBLANC, CRL FAMILY TRUST,
WHITAKER FAMILY TRUST, AND WEL FAMILY TRUST

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § <br> INTEGRA HOSPITAL PLANO, L.L.C., § <br> § <br> *Debtor*. § <br> § | | Case No. 08-42998-BTR-7 |
| LINDA S. PAYNE, TRUSTEE § <br> § <br> *Plaintiff*, § <br> vs. § <br> § <br> SIMBA VENTURES HODLINGS, LTD., § <br> SIMBA VENTURES GP, LLC, § <br> DAVID LEBLANC, HEDY LEBLANC, § <br> CRL FAMILY TRUST, WHITAKER § <br> FAMILY TRUST, WEL FAMILY TRUST, § <br> § <br> *Defendants*. | | Adversary No. 10-04243 |

**MOTION TO DISMISS SECOND AMENDED COMPLAINT AND BRIEF**

TO THE HONORABLE BRENDA T. RHOADES, UNITED STATES BANKRUPTCY JUDGE:

## NOTICE

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS APPLICATION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING UNLESS IT DETERMINES THAT AN EVIDENTIARY HEARING IS NOT REQUIRED AND THAT THE COURT'S DECISION WOULD NOT BE SIGNIFICANTLY AIDED BY ORAL ARGUMENT. IF YOU FAIL TO APPEAR AT ANY SCHEDULED HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

COME NOW Hedy LeBlanc, CRL Family Trust, Whitaker Family Trust, and WEL Family Trust, (collectively herein, the "**Defendants** or "**Movants**") filing this Motion to Dismiss Second Amended Complaint (the "**Complaint**") pursuant to Bankruptcy Rules 7009 (adopting Rule 9(a), (b) and (g)), Fed. R. Civ. P.) and 7012(b) (adopting Rule 12(b), Fed. R. Civ. P) (the "**Motion**"), and would show:

### I. CORE VS. NON-CORE STATEMENT

1. Defendants respectfully adopt the concurrently filed Defendants' Joint Statement Regarding Core vs. Non-Core Matters, Non-Consent to Final Orders on Non-Core Matters, and Jury Demand as their statement under Bankruptcy Rule 7008.

### II. BACKGROUND

A. **BANKRUPTCY FILINGS & HISTORY**

2. Integra Hospital Plano LLC ("**IHP**," Main Case No. 08-42998), Integra Hospital Baton Rouge ("**IHBR**," Main Case No. 08-42999), Integra Hospital Management LLC ("**IHM**," Main Case No. 08-43001), and Integra Healthcare Holdings, Ltd. ("**IHH**," Main Case No. 08-

43002) (sometimes collectively, the "**Debtors**") each filed Chapter 11 bankruptcy cases on or about November 5, 2008 (the "**Petition Date**").

3. Each of the cases was converted to Chapter 7 on or about March 31, 2009.

4. Linda S. Payne was appointed as Chapter 7 trustee (the "**Trustee**" or "**Plaintiff**").

**B.    ADVERSARY PROCEEDINGS**

5. On behalf of the Chapter 7 estates ("**Estates**") of each of the Debtors, Plaintiff has filed a separate Adversary Proceeding against these same Defendants and others based on essentially the same pleadings.[1]

6. In each Complaint, Plaintiff attaches and incorporates by reference a different "Exhibit A," alleging transfers (which each Complaint defines as the "Transfers") from referenced accounts of the respective Debtors to other accounts or transferees.[2]

### III.  SUMMARY OF MOTION TO DISMISS

7. In each of the four Complaints, Plaintiff seeks recovery for various alleged preferential transfers and fraudulent transfers and disallowance of unspecified claims which the Defendants might have against the Estates. Defendants seek dismissal of Plaintiff's claims in each of the four Complaints because Plaintiff has failed to comply with the requirements of Rules 9(a), (b) and (g) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants have moved to dismiss each of the four Complaints in a separate motion. As described herein, however, Plaintiff has obfuscated the economic reality of the "Transfers" by separating the "Transfers" into four different Exhibits A, one in each different proceeding. Other than the

---

[1] For IHI, the Adversary Proceeding is Adversary No. 10-04241 (the "**IHI Adversary**"). For IHBR, the Adversary Proceeding is Adversary No. 10-04242 (the "**IHBR Adversary**"). For IHP, the Adversary Proceeding is Adversary No. 10-04243 (the "**IHP Adversary**"). For IHM, the Adversary Proceeding is Adversary No. 10-04244 (the "**IHM Adversary**").

[2] These are respectively referred to herein, as appropriate, as the "**IHI Exhibit A**," the "**IHBR Exhibit A**," the "**IHP Exhibit A**," and the "**IHM Exhibit A**."

"Transfers," each Complaint pleads identical facts in a formulaic manner. Accordingly, Defendants' motions address the Complaints collectively, when appropriate, and individually, when appropriate, as detailed herein.

8. Each Complaint fails to plead sufficient facts to state a preference claim against any of the Defendants under 11 U.S.C. § 547. Further, each Complaint fails to plead sufficient facts to state a fraudulent transfer cause of action against any of the Defendants under 11 U.S.C. § 548. Finally, each Complaint fails to plead sufficient facts to establish any of the Defendants as a person liable under 11 U.S.C. § 550. In fact, the Complaints, individually and collectively, affirmatively plead facts showing that the Plaintiff cannot establish liability under 11 U.S.C. § 550 for a large portion of the Transfers.

9. Notwithstanding the normally dry confines of 11 U.S.C. §§ 547, 548 and 550, the Complaint nonetheless attempts to inappropriately impugn the efforts of management to save the enterprise in the period leading up to bankruptcy by incorporating wholly irrelevant allegations from another case concerning the Debtors' borrowings from Contemporary Healthcare Fund I, L.P. ("**CHC**"). See Complaint, ¶¶ 15-26. Plaintiff fails to mention that the other case from which these allegations were taken has settled and, moreover, fails to make any logical connection between these allegations and the relief sought in the Complaint.

10. Accordingly, each Complaint should be dismissed.

### IV. ARGUMENT & AUTHORITIES ON DISMISSAL

11. A complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

12. This standard requires a plaintiff to plead facts that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555-56 (citations omitted); *Canal Breaches Litigation*, 495 F.3d at 205 (citations omitted).

13. Though a court must continue to accept well-pleaded facts as true and view them in the light most favorable to the plaintiff, the Court need not accept as true conclusory allegations, unwarranted deductions of fact, or legal conclusions. *Iqbal*, 129 S. Ct. at 1949; *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

14. A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Iqbal*, 129 S. Ct. at 1949 (citations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

15. Additionally, when fraud is alleged, the circumstances constituting fraud must be plead with "particularity." FED. R. CIV. P. 9. When asserting fraud claims, the plaintiff must allege "the existence of [f]acts and circumstances sufficient to warrant the pleaded conclusion that fraud has occurred." *Morrison v. Amway Corp. (In re Morrison)*, 419 B.R. 314, 324 (Bankr. S.D. Tex. 2009)(quoting *In re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994)). "Put simply, Rule 9(b) requires the 'who, what, when, where, and how' to be laid out." *Airport Blvd. Apts.,*

*Ltd. v. NE 40 Partners, L.P., (In re NE 40 Partners, L.P.)*, 440 B.R. 124, 128 (Bankr. S.D. Tex. 2010) (quoting *Benchmark Elecs. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003)).

16. If the complaint fails to assert a cognizable legal theory, or the facts asserted are insufficient to support relief under a cognizable legal theory, the complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6). *See Stewart Glass & Mirror, Inc. v. U.S.A. Glas, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

17. Trustees in bankruptcy are not granted any special dispensation or a more lenient standard. To the contrary, Trustees are "held to the same heightened pleading standard as every other plaintiff that brings a fraud cause of action under Rule 9(b)." *NE 40 Partners, L.P.,* 440 B.R. at 129 (citations omitted) (explaining that "the discovery tools available to a Chapter 7 trustee should allow a trustee to present the 'who, what, where, when, and how,' thus forcing trustees to do their homework before filing an adversary proceeding and subsequently improving judicial economy").

18. Likewise, the pleading standard under Rule 8 and Rule 12, as articulated in *Ashcroft* and *Twombly*, is equally applicable to all plaintiffs, including Chapter 7 trustees.

## V. FATAL CONTRADICTION BETWEEN COUNTS IV AND V

19. As a threshold matter, before even addressing other deficiencies, each Complaint contains a fatal contradiction between Count IV (Preference) and Count V (Fraudulent Transfer). It is axiomatic but true that a transfer cannot at the same time be both a preference and a fraudulent transfer as to the same transferee. *See* 5 COLLIER ON BANKRUPTCY ¶ 547.01 (Alan N. Resnick and Henry J. Sommer, eds. 16th Ed.).[3] For example, if a transfer is "on account of an

---

[3] Although leading in with the curious statement, "To be sure, a transfer may be both preferential and fraudulent *in nature*," *id*. (emphasis added), Collier goes on to explain that the underlying fraudulent or preferential nature of a transfer is not controlling in terms of avoidance, but rather its conformity to the statutory requirements, such as whether the transfer is, as in the case of a preference, "on account of an antecedent debt."

antecedent debt," it cannot be a fraudulent transfer because the antecedent debt itself establishes "reasonably equivalent value." Yet Plaintiff's Count IV (¶¶ 32-35) alleges every one of the Transfers listed in Exhibit A as avoidable under § 547 from all Defendants while Plaintiff's Count V (¶¶ 36-40) alleges every one of the Transfers listed in Exhibit A as avoidable under § 548 from all Defendants. Neither Count is pleaded in the alternative to the other. As currently stated, Count IV and Count V negate one another.

### VI. THRESHOLD DEFECTS IN PLAINTIFF'S EXHIBIT "A" CALCULATIONS

20. The Complaints, when viewed collectively, affirmatively plead facts showing that a majority of the so-called "Transfers" are either each Debtor's retention of its own property or are merely non-actionable transfers among the various Debtors. The recipients of other Transfers are simply not identified or identifiable.

21. Each Complaint attaches and adopts an Exhibit A, which purports to identify the Transfers and the transferees in question. But the Complaints and their Exhibits A affirmatively reveal, collectively, that a majority of the so-called Transfers are not actionable at all as against any of the Defendants. In this respect, the Complaints fail to satisfy Rule 8 and Rule 12(b) of the Federal Rules of Civil Procedure because they fail to allege sufficient facts to support the allegations of liability under either 11 U.S.C. §§ 547, 548 or 550.

22. The Complaints (¶ 27) and the Exhibits A attempt to facially identify Simba Ventures Holding, Ltd. (sometimes "**SVH**" herein and in the attached Defendants' exhibits) as the transferee. But Plaintiff is at best being careless in this labeling. The data in the Complaints and Exhibits A, in every instance but one, conclusively establish otherwise.

23. Six accounts are identified as belonging to a Debtor and as being the point of origin for the alleged Transfers, as follows:[4]

    A. For, Integra Healthcare Holdings, LTD (sometimes "**IHH**"), the Complaint identifies account **0722 as belonging to IHH;

    B. For Integra Hospital Baton Rouge LLC (sometimes "**IHBR**"), the Complaint identifies accounts **9296 (depository) and **9307 (disbursement) as belonging to IHBR;

    C. For Integra Hospital Plano, LLC (sometimes "**IHP**"), the Complaint identifies accounts **9593 (depository) and **0403 (disbursement) as belonging to IHP; and,

    D. For Integra Hospital Management, LLC (sometimes "**IHM**"), the Complaint identifies account **0631 as belonging to IHM.

When one matches these accounts of "origin" (from which the Transfers supposedly came) to the accounts of destination (to which these Transfers supposedly went), over two-thirds of the so-called Transfers by dollar amount are, as shown in Defendants' corresponding Exhibit 1, either: (1) from such Debtor (IHH, IHBR, IHP, or IHM, respectively) to itself via its own accounts ("**Same Debtor to Same Debtor Events**," which are not really transfers even under the broad standard of 11 U.S.C. § 101(54)) or, (2) from such Debtor to another of the Debtors (IHH, IHBR, IHP, or IHM, respectively) for which the Trustee is also acting as Plaintiff in these very avoidance actions, via their respective accounts ("**Plaintiff-to-Plaintiff Transfers**"). In other words, these so-called Transfers did not go at all, directly or indirectly, to any Defendant or benefit any Defendant, but were instead retained by the Debtors (*i.e.*, no transfer at all) or transferred among the Debtors, one to another. Hence, these amounts must be eliminated even from initial consideration and are clearly not actionable as against SVH or any of the Defendants. Once the Same Debtor to Same Debtor Events and Plaintiff-to-Plaintiff Transfers are eliminated,

---

[4] For purposes of this Motion, it will be assumed that accounts **9797 and **9696 were in the name of SVH. Other accounts of destination are not identified and are addressed separately, below.

the dollar amount of transfers in question drops from an overstated $30,611,132.09 to no more than $8,667,560.69, before considering other defects in the Complaint. This is demonstrated by the following summary of Defendants' Exhibit 1 for each Debtor:[5]

| Total Amount Claimed by Each Debtor Per its Exhibit "A": | Total of "Same Debtor to Same Debtor" events and "Plaintiff-to-Plaintiff" Transfers to be eliminated:[6] | Balance carried forward to other arguments: |
|---|---|---|
| For IHH:<br><br>$12,078,091.00 | $ 5,967,168.71 | $ 6,256,022.29 |
| For IHBR:<br><br>$ 6,800,334.94 | $ 6,370,990.93 | $  429,334.01 |
| For IHP:<br><br>$11,590,643.80 | $ 9,624,075.70 | $ 1,966,568.10 |
| For IHM:<br><br>$  142,063.27 | $  126,426.98 | $   15,636.29 |

See also Defendants' Exhibit 2, which details the sub-category of "Debtor-to-Debtor" events.

24. Further, the Complaints fail to allege facts sufficient to indicate that the remaining accounts to which transfers were allegedly made (per Defendants' Exhibit 3, drawn from Plaintiff's Exhibits A) were accounts of any Defendant. Plaintiff labels these accounts as

---

[5] These are respectively referred to herein, as appropriate, as the "IHI Exhibit 1," the "IHBR Exhibit 1," the "IHP Exhibit 1," and the "IHM Exhibit 1." These are compiled solely from data in the Complaints or in the Exhibits A attached, respectively, to each Complaint.

[6] The "Same Debtor to Same Debtor" so-called transfers are isolated in a consolidated Defendants' Exhibit 2. In the case of IHM, this category is not a factor. In the case IHH, the "Same Debtor to Same Debtor" total is $92,191.83, consisting of a single event. But in the case of IHBR and IHP, the respective "Same Debtor to Same Debtor" totals are a staggering $3,149,097.56 and $4,016,090.26 subcomponent of the eliminations noted in the Table above.

belonging to "Simba Ventures Holding." This label is not plausible, however, because the Complaints attach the same label to accounts shown by the Complaints themselves to belong to the Debtors and not SVH. For these supposed transfers, the Complaints fail to identify any account for the transferee or provide account numbers identified or identifiable as belonging to any of the Debtors or Defendants.[7] This is insufficient to meet the requirements of Rule 12(b)(6). The dollar amount of these alleged transfers may be summarized as follows: (a) for IHH, $430,800.00; (b) for IHBR, $211,971.61, and (c) for IHP, $69,725.28. These transfers total $712,496.89.

25. The Complaints have not pleaded facts demonstrating that (a) the Defendants were transferees of the alleged Transfers enumerated in paragraphs 20 through 23 and paragraph 24 above, respectively; (b) many of these Transfers were not transfers at all; and (c) the Plaintiff cannot otherwise establish liability under 11 U.S.C. § 550 for any of the Defendants with respect to these alleged Transfers. Therefore, the claims with respect to these so-called Transfers must be dismissed before even considering the substantive defects in Plaintiff's Counts IV and V.

## VII. SUBSTANTIVE DEFECTS WITHIN COUNTS IV AND V

Setting aside the fatal contradiction between Counts IV and V listed in paragraph 19 above, each Complaint individually still fails to adequately state a claim upon which relief can be granted under either 11 U.S.C. §§ 547 or 548.

---

[7] As noted elsewhere, though, Defendants do not contest for purposes of this Motion that accounts **9797 and **9696 are accounts in the name of SVH, despite the fact that the Complaints inadequately identify the owner of these accounts.

A.  **EACH COMPLAINT FAILS TO PLEAD SUFFICIENT FACTS TO STATE ANY PREFERENCE CLAIM AGAINST THE DEFENDANTS UNDER 11 U.S.C. § 547.**

26. As set forth below, each Complaint fails to satisfy Rule 8 and Rule 12(b) of the Federal Rules of Civil Procedure because it fails to cite any facts in support of the elements of 11 U.S.C. § 547.

27. Without limitation, and aside from mere recitation of the statute:

   A. Count IV cites no debts, much less antecedent debts, owed to any of the Defendants that were supposedly satisfied in whole or in part by any of the Transfers;

   B. Except as noted elsewhere herein, Count IV cites no facts to support the proposition that any of the Transfers were at any time "to or for the benefit" of any of the Defendants;

   C. Count IV cites no facts to support the proposition that any of the Transfers were made while the Debtor in question was insolvent;

   D. Although stating that the Transfers were "made on or within one year before the Petition Date," Count IV makes no effort to exclude the Transfers listed in Exhibit A which may have preceded November 5, 2007; and,

   E. Count IV offers nothing, other than the statutory language itself, to support the proposition that any of such Transfers "enabled the Defendants to receive more than the Defendants would [have] receive[d] if the Debtors case was a case under Chapter 7 of the Bankruptcy Code, the Transfers had not been made, and the Defendants received payment of the aforementioned debts [which incidentally were not aforementioned at all] to the extent provided by the provisions of the Bankruptcy Code."

28. Plaintiff's allegations are insufficient to satisfy the requirements of Rule 12(b)(6), and therefore each Complaint's claims under 11 U.S.C. § 547 should be dismissed.

B.  **EACH COMPLAINT FAILS TO PLEAD SUFFICIENT FACTS TO STATE ANY FRAUDULENT TRANSFER CLAIM AGAINST THE DEFENDANTS UNDER 11 U.S.C. § 548.**

29. As set forth below, each Complaint fails to satisfy Rule 8, Rule 9(b), and Rule 12(b) of the Federal Rules of Civil Procedure because it fails to cite any facts in support of the elements of 11 U.S.C. § 548.

1. **Section 548(a)(1)(A): Intent to Hinder, Delay, or Defraud**

30. As to 11 U.S.C. § 548(a)(1)(A), each Complaint states the following as the basis for its allegations of "intent to hinder, delay, or defraud" creditors:

   A. "[David] LeBlanc authorized and/or participated in misrepresentations and omissions concerning the debtors' performance and operations." Complaint, ¶ 4.

   B. "Upon information and belief, [David] LeBlanc authorized the transfers to Simba Ventures Holdings with the actual intent to hinder, delay or defraud creditors of the debtors." Complaint ¶ 4.

   C. "Beginning in November 2007, Debtors began soliciting additional loans to support operation of Debtors business. Debtors negotiated a $6,000,000 Loan from Contemporary Healthcare Fund I, L.P. ("CHC"). . . . Upon information and belief, some of this information relating to past financial performance and current operations of … [specified Debtor] was later revealed to have been false, overstated, inaccurate or misleading. Defendant David LeBlanc participated in the negotiation of the Loan on behalf of Debtors. Debtors directly, indirectly through their officers and employees including the LeBlancs, provided CHC with various information, which was relied upon by CHC and was material to its decision to close on the Loan to Debtors." Complaint, ¶¶ 16-17.

   D. Although irrelevant to any cause of action for transfer avoidance as set forth in the Complaint, various alleged misrepresentations to "CHC" in connection with an unrelated "Loan," each as defined in the Complaint, are set forth in ¶¶ 18-26 of the Complaint.

   E. "The Trustee alleges that the Debtors, with participation and/or authorization of Defendants, made the [Exhibit A] Transfers with actual intent to hinder, delay, or defraud creditors." Complaint, ¶ 37.

31. The allegations, which in the main simply recite the statutory text without providing other relevant facts, circumstances, or "badges of fraud," are insufficient as a matter of law to satisfy the requirements of Rule 9, 12(b)(6), or either of them, for establishing "intent to hinder, delay or defraud." The "who, what, when, where, and how" is not "laid out" but instead is conspicuously missing in action. *See Airport Blvd. Apts.*, *supra*, 440 B.R. at 128.

32. Each Complaint goes on at length about Plaintiff's version of a $6,000,000 "Loan," as defined in the Complaint, taken out from CHC. Without limitation, 11 U.S.C. § 548(A)(1)(a) requires that the "intent" in question pertain to "such transfer," i.e., the transfers to be avoided. The "Loan" by CHC to the Debtors is not a transfer by the Debtors or to the Defendants, nor does Plaintiff seek avoidance of the Loan. Even assuming, arguendo, that the Plaintiff has articulated some "intent to hinder, delay, or defraud" in connection with the Loan from CHC (which the Defendants vigorously deny), such intent has no bearing on the "Transfers" listed on Exhibit A to each Complaint.

33. Further, as shown elsewhere herein, many of the so-called Transfers were fund movements from one of the subject Debtor's accounts to another of the same Debtor's accounts (i.e., not really transfers) or from the subject Debtor's accounts to accounts of other Debtors in the companion Adversary Proceedings. As a matter of law, the Trustee establishes no requisite "intent" to "hinder, delay, or defraud" with respect to these Same Debtor to Same Debtor Events or Plaintiff-to-Plaintiff Transfers.

34. These allegations under 11 U.S.C. § 548(a)(1)(A) are insufficient to satisfy the requirements of Rule 9 and Rule 12(b)(6), and therefore should be dismissed.

**2. Section 548(a)(1)(B): Constructive Fraud**

35. Aside from mere recitation of the statute, each Complaint also fails to establish a cause of action for constructive fraud under 11 U.S.C. § 548(a)(1)(B):

> A. Count V fails both to identify any value as being given in exchange for the Transfers and to negate the premise that value or some value may have been given in exchange for the Transfers;
>
> B. Count V fails to identify the value of whatever might have been given in exchange for the Transfers or to explain why such value was not "reasonably equivalent" to the Transfers;

  C. Count V fails to explain the circumstances as to how and why the Debtor in question:

   (i) was or became insolvent at the time of such Transfers,

   (ii) was or became insolvent as a result of such Transfers, or

   (iii) was left with unreasonably small capital as a result of such Transfers.

  D. Further, Count V fails to explain what if any "debts that would be beyond the Debtor's ability to pay" the Debtor in question intended to incur or believed that it would incur at the time of any such Transfer;

  E. Other than recitation of the statutory language and declaring it without support to be so, Count V fails to explain how the Debtor's alleged inability to pay its debts as they matured was caused by or related to the alleged Transfers to SVH, which presumably were for the very purpose of paying the joint debts of the various Debtors.

Accordingly, these allegations under 11 U.S.C. § 548(a)(1)(B) are insufficient to satisfy the requirements of Rule 12(b)(6), and therefore should be dismissed.

## VIII. EACH COMPLAINT FAILS TO ESTABLISH THE DEFENDANTS AS PERSONS LIABLE UNDER 11 U.S.C. § 550

36. Each Complaint also fails to identify any of the Defendants as "initial" transferee of any of the Transfers. Only defendants "Simba Ventures Holding" (presumably, SVH) and David LeBlanc are mentioned. None of the Defendants are identified, except by rote restatement of the statutory language, as "immediate transferee," or "mediate transferee." Finally, each Complaint fails to establish or adequately plead any of the Defendants as "the entity for whose benefit such transfer was made," as required by § 550 of the Bankruptcy Code.

### A. <u>INADEQUATE ALLEGATIONS OF INITIAL, IMMEDIATE, OR MEDIATE TRANSFEREES</u>

37. After the initial, required eliminations noted in paragraphs 20 through 25 above, the remaining balances are identified in the Complaints as going either to (a) accounts **9797 and **9696 (which, for purposes of this Motion will be assumed to be accounts in the name of SVH), and (b) to David LeBlanc from IHM in the sum of $15,636.29 ("Check No. 2"). This

meager information, along with periodically restating the bare statutory language, are the Complaints' sole effort to identify any sort of "transferee" for purposes of § 550(a)(1) or (2) of the Bankruptcy Code.  (See Complaint, ¶ 28.)  None of the Movants are identified in any way whatsoever on the Exhibits A.

38.  Even in the case of those so-called "Transfers" to SVH (i.e., those from Exhibit A to the Complaint not eliminated as Same Debtor to Same Debtor Events or as Plaintiff-to-Plaintiff Transfers), it is not at all clear that these are "transfers" to SVH within the meaning of 11 U.S.C. § 101(54).  Plaintiff provides no information whatsoever to suggest that consolidation of cash into accounts **9797 or **9696 marked any change of control whatsoever over the use of such funds as it may have existed when the same funds were in any prior account.  So far as the Complaint informs the reader, there is no evidence or support for the proposition that the Debtors in question were "disposing of or parting with" any "property" or "interest in property" by these account to account movements, as required by § 101(54).

39.  There is virtually no effort, other than mere recitation of statutory language, to show that any of the Defendants was an "entity for whose benefit such transfer was made." 11 U.S.C. § 550(a)(1).  *See* Complaint, ¶ 27.  Instead, what Plaintiff has done is to simply throw each Debtor's transfer ledgers into the mix of each Complaint, without any context or further explanation, to see if any may stick as avoidable transfers as to one or more of the Defendants. Because even the non-eliminated Transfers were allegedly to SVH or David LeBlanc, each Complaint fails to establish any of the Movants as an "initial transferee," "immediate transferee," or "mediate transferee" as required by § 550 of the Bankruptcy Code, relying instead on bare recitation of statutory language.  Therefore Plaintiff's claims under 11 U.S.C. § 550 in each Complaint should be dismissed.

**B.  INADEQUATE ALLEGATIONS OF SVH AS AN "ENTITY BENEFITTED"**

40.  In most every instance, SVH is the only defendant that could remotely be categorized as any sort of transferee.  But Plaintiff has not even attempted to address or explain to this Court why or how SVH might have been anything other than a mere custodian of the jointly pooled cash of the various related entities.  Even when each Complaint is read in a manner favorable to Plaintiff, as to show that funds were transferred to the accounts owned or managed by SVH, the Complaints do nothing further to establish that these so-called Transfers were really "transfers" to SVH as defined in 11 U.S.C. §101(54) or that they otherwise benefited SVH.  Without requiring more, every intercompany accounting credit entry, cash sweep, cash advance, or corresponding intercompany account debit entry in every multi-entity structure would be susceptible to an avoidance complaint.  This is not the case.  Absent an articulation in each Complaint of how SVH was really a transferee of these alleged Transfers or benefitted from them, the mere fact that SVH may have served as custodian or clearing house for some intercompany cash pooling, cash allocation, or the payment of joint, allocated expenses is by itself not sufficient to establish "benefit" and is not actionable.

**C.  INADEQUATE ALLEGATIONS OF DEFENDANTS AS ANY "ENTITY BENEFITTED"**

41.  Further, each Complaint fails to establish any of the Defendants as "the entity for whose benefit such transfer was made."  11 U.S.C. § 550(a)(1).  Other than simply repeating the statutory language by saying that the Defendants were benefitted by the Transfers, each Complaint is devoid of any explanation as to what this benefit might have been or by what means such benefit might have been attained.  *E.g., see* Complaint, ¶¶ 27, 28.  Thus, each Complaint fails to establish any of the Defendants as "the entity for whose benefit such transfer was made," as required by § 550 of the Bankruptcy Code, and hence each Complaint should be dismissed.

## IX. PLAINTIFF IMPROPERLY ATTEMPTS TO CIRCUMVENT THE LIMITATIONS OF 11 U.S.C. § 550

42. Having failed to establish the statutory elements of 11 U.S.C. § 550, each Complaint instead attempts a series of unsuccessful end runs to circumvent the statutory limitations. Defendants are not entirely clear as to what Plaintiff is attempted to do with the various allegations described below, but in any event these have no legal basis.

### A. IMPLIED IMPROPER DIVIDEND OR DISTRIBUTION

43. Each Complaint cannot establish liability of any owner, officer, director or manager of a business entity without properly alleging a claim under applicable state law and articulating some proof to support the claim. Even indulging Plaintiff in the favorable inferences required by Rule 12(b)(6), each Complaint (*e.g., see* Complaint ¶¶ 28, 29) does not even venture to suppose that SVH directly or indirectly, disbursed any unauthorized, recoverable dividends or other distributions to any of the Defendants.[8]

### B. "FORFEITED ENTITY" ALLEGATIONS

44. Plaintiff tries to imply benefit to the Defendants by alleging that one or both of the Simba entities went through some unidentified period of time in which its entity status may have been forfeited or that such entity was "a defunct legal entity." *E.g., see* Complaint ¶ 29. Plaintiff does not (and cannot) allege that any such period of forfeiture occurred during the time of the Transfers in question. If this is not alleged, then any subsequent period of forfeiture is irrelevant.[9] Moreover, Plaintiff has not (and cannot) allege that such entities conducted any material business during any such period of forfeiture.

---

[8] No such recoverable dividends occurred in fact and, to the contrary, a sizeable investment into the Debtor entities was lost. Nonetheless, this is outside the face of the Complaint and Exhibit A, and will be reserved to another day.

[9] As an aside, the records of the Texas Secretary of State show that Simba Ventures Holdings, Ltd. and Simba Ventures GP, L.L.C. were involuntarily dissolved, effective December 3, 2009, due to the resignation of their

45. As a matter of applicable state law, officers, directors or managers of such entities only face exposure (and limited exposure at that) if and to the extent they persist in doing business through and in the name of such entity or cause such entity to incur liabilities during a period of forfeiture, and such exposure is not retroactive. Under Delaware law, officers, directors and managers of such entities do not face that exposure solely as a result of the forfeiture and, in any event, such exposure can be eliminated by reinstating the entity. *See* Section 171.2515 and 171.255 of the Texas Tax Code and Section 11.253(d) of the Texas Business Organizations Code; Section 18-1107 of the Delaware Limited Liability Company Act.[10]

C. **IMPLIED AIDER, ABETTOR, OR FACILITATOR ALLEGATIONS**

46. Although not articulating a specific claim, the Plaintiff appears to suggest liability on the part of the Defendants as aiders, abettors, or facilitators of the Exhibit A Transfers. ("Alternatively, Defendants are personally liable as partners or principals of Simba Ventures Holdings." *E.g., see* Complaint, ¶ 29.) As a matter of law, 11 U.S.C. § 550(a) establishes the universe of persons who may be liable on account of any avoidable transfer. Outside the strict parameters of this statute, no form of aiding, abetting, or facilitating an avoidable transfer is actionable. *Cf. Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164 (1994) and its progeny (finding no aider and abettor liability for violations of securities laws expressly included in the statutory schemes and therefore no judicial implication of such liability).

---

registered agent in July 2009. On information and belief, such entities are in the process of designating a registered agent and returning to good standing.

[10] As to Defendants CRL Family Trust, Whitaker Family Trust and WEL Family Trust, even the limited exposure faced by officers, directors or managers does not apply.

### D. IMPLIED CASE FOR OTHER VEIL PIERCING

47. At intervals, each Complaint repeats that Defendants other than SVH were officers, directors, managers or equity owners of SVH, as if hoping that this alone serves as some basis for liability. But aside from the limited set of transferees and transfer beneficiaries identified in § 550(a)(1) and (2), § 550 does not make equity owners, officers, directors, or managers liable merely because the entity with which they were associated was the recipient of an avoidable transfer.

### E. ALLEGED GENERAL PARTNER LIABILITY

48. Plaintiff suggests that Simba Ventures GP, LLC ("**SVGP**") should be found liable as general partner of SVH, a limited partnership. However, neither 11 U.S.C. §§ 547, 548, nor 550 are vehicles for assessing liability against the general partner of a limited partnership that has allegedly received an avoidable transfer. Instead, the Plaintiff must look, if applicable, to state law governing the liability of a general partner of a limited partnership. But Plaintiff does not cite or otherwise attempt to invoke any such state law. No cause of action for recovery against SVGP in its capacity as general partner of SVH is otherwise included in each Complaint.

## X. EACH COMPLAINT FAILS TO ALLEGE ANY CASE UNDER 11 U.S.C. § 502

49. Aside from failing to establish any avoidable transfer that has not been returned by any of the Defendants, Count VII of each Complaint wholly fails to identify what claims, if any, of the Defendants against the Estates it seeks to have disallowed pursuant to 11 U.S.C. § 502(d).

## XI. NO STATUTORY BASIS FOR RECOVERING ATTORNEY'S FEES

50. Without any corresponding pleading in the body of each Complaint, the Plaintiff seeks in the prayer of each Complaint to recover "her costs, including reasonable attorneys' fees." None of §§ 547, 548, or 550 provide for the recovery of attorneys' fees. Since Congress

did not provide for attorneys' fees as an element of recovery in avoidance actions, recovery of these is not permitted as a matter of law, notwithstanding any prior case law to the contrary.

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that each of the Complaints be dismissed and for such other and further relief, at law or in equity, to which they may be entitled.

Dated:    April 22, 2011.

        Respectfully submitted:

         /s/  Stefanie M. Klein
        Frank Hill            09632000
        Greg Westfall         00788646
        Stefanie M. Klein     11565650
        Hill Gilstrap, P.C.
        1400 West Abram Street
        Arlington, Texas  76013
        Telephone (817) 261-2222
        Facsimile (817) 861-4685

        ATTORNEYS FOR HEDY LEBLANC, CRL FAMILY TRUST, WHITAKER FAMILY TRUST, AND WEL FAMILY TRUST

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Motion was this day forwarded by first class mail and by ECF-electronic notice to Mark A. Weisbart, Law Offices of Mark A. Weisbart, 12770 Coit Road, Suite 541, Dallas, Texas  75251, counsel of record for the Plaintiff.

         /s/ Stefanie Martin Klein
        Stefanie M. Klein